```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
```

JACK WILLIAMS,

                      Plaintiff,

  v.                                                                                    ORDER

TORRIA VAN BUREN,                                                 18-cv-41-jdp

                      Defendant.

---

Plaintiff Jack Williams, appearing pro se, is a prisoner at Waupun Correctional Institution. He alleges that defendant Torria Van Buren ignored his requests to be placed in clinical observation and allowed him to commit self-harm.

Van Buren has filed a motion to transfer the case to the United States District Court for the Eastern District of Wisconsin. Dkt. 15. Under 28 U.S.C. § 1404(a), a court may transfer a case to another district where the action may have been brought if transfer serves the convenience of the parties and witnesses and will promote the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). "The statute permits a 'flexible and individualized analysis.'" *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The defendant bears the burden of establishing that the proposed new venue is clearly more convenient. *Coffey*, 796 F.2d at 219.

Defendant contends that transfer to the Eastern District, where WCI is located, is clearly more convenient for the parties and witnesses because the events at issue occurred there, both parties reside there, and most potential witnesses—WCI employees—likely reside there. These factors weigh heavily in favor of transfer. Defendant stops short of saying that venue is

*improper* in the Western District, although it appears that it might be because defendant resides in the Eastern District and the events at issue occurred there. *See* 28 U.S.C. § 1391(b). Under a § 1404(a) analysis, I conclude that transfer to the Eastern District is proper.

The convenience inquiry "generally" focuses on "the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation*, 626 F.3d at 978. Defendant contends that they and the potential witness are all located in the Eastern District and the events at issue occurred there.

Williams opposes the motion, stating that both WCI and the defendant's residence are within the Western District. Williams seems to believe that Waupun, the town in which WCI is located, is in this district. But he is mistaken—Waupun is in Dodge County, which is part of the Eastern District.

Williams also contends that the case should not be transferred because the Department of Corrections has its headquarters in the Western District. But Williams is not suing the DOC; the only defendant in this case is Van Buren. Because the DOC is not a party to this case, its headquarters is not relevant to my analysis.

Finally, Williams contends that defendant is "judge shopping," and that he chose to file in the Western District. "The plaintiff's choice of forum is usually given substantial weight," although it "is given less deference 'when another forum has a stronger relationship to the dispute.'" *Almond v. Pollard*, No. 09-cv-335, 2010 WL 2024099, at *2 (W.D. Wis. May 18, 2010) (quoting *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007)). Although I am sympathetic to Williams's desire to choose the court he litigates in, the other factors discussed above show that the Eastern District is a clearly more convenient forum.

The second part of my analysis is the interest-of-justice inquiry. It "relates to the efficient administration of the court system" and focuses on "factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978. "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.*

Van Buren filed her motion to transfer on the same day as her answer. There has not yet been a scheduling conference and there are no pending motions, so transferring the case will not throw a wrench in the proceedings. Defendant submits statistics showing that the Eastern District and Western District share similar caseloads, and I have no doubt that both courts are familiar with the relevant law. Defendant does not argue the remaining factors. The interests-of-justice factor does not weigh for or against transfer. Because I conclude that the Eastern District is a clearly more convenient forum, I will grant defendants' motion to transfer.

ORDER

IT IS ORDERED that defendant Torria Van Buren's motion for change of venue, Dkt. 15, is GRANTED. This case is transferred to the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1404(a).

Entered October 18, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge